IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ANTHONY WHITEWATER,<br><br>      Defendant. | 8:16CR195<br><br>ORDER |

This matter is before the court on Defendant Anthony Whitewater's Motion to Sever Trial and Request for Hearing (Filing No. 31). For the reasons explained below, the motion will be denied.

## BACKGROUND

Whitewater and co-defendant Marcus Blackhawk are jointly charged in the Indictment with assault with a dangerous weapon within Indian country in violation of 18 U.S.C. §§ 113(a)(3), 1153 and 2 (Count I), and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 1153, and 2 (Count II). (Filing No. 1). Whitewater filed the instant motion to sever his trial from the trial of Blackhawk on the basis that the government "might attempt to elicit" a statement made by Blackhawk that inculpates Whitewater. In support of this motion, Whitewater alleges the following facts:

> On May 2, 2016, a series of 911 calls came in from the passengers of a black Chevy Tahoe. The caller told the police that the occupants of a blue Chrysler Pacifica were following them and the Pacifica's passenger had fired a gun at their vehicle. During the series of 911 calls, a police officer observed the callers' black Tahoe being followed down Highway 77 by the blue Pacifica. The officer, having no knowledge of the 911 call(s), believed the vehicles to be speeding and gave chase. When the black Tahoe went one way and the blue Pacifica went another, the officer followed the Pacifica and

1

>pulled it over. The driver and lone occupant of the Pacifica was defendant Marcus Blackhawk.
>
>During the stop of the Pacifica, officers learned that the occupants of the Tahoe had alleged that the passenger of the Pacifica had been firing a gun at their car. A search of the Pacifica revealed an unfired bullet and spent shell casing. An officer, having just learned the details of the allegations (that is, that the passenger of the Pacifica had fired a gun at the Tahoe), asked Blackhawk who he had just dropped off and Blackhawk replied, "My bro." The co-defendants are brothers.

(Filing No. 32 at pp. 1-2). The government does not contest Whitewater's factual assertions, but adds that Whitewater and Blackhawk are half-brothers, and Blackhawk "has at least six brothers or half-brothers." (Filing No. 40 at p. 1).

## DISCUSSION

Under Federal Rule of Criminal Procedure 8(b), and indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Nevertheless, Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The defendant seeking severance carries a heavy burden and "must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" *United States v. Mickelson*,

378 F.3d 810, 817 (8th Cir. 2004)) (*quoting United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)).

Whitewater does not challenge joinder under Fed. R. Crim. P. 8(b), but instead argues a joint trial would be prejudicial under Fed. R. Crim. P. 14. Whitewater argues that a joint trial would violate his Sixth Amendment right to confront witnesses against him based on his inability to confront or cross-examine Blackhawk regarding his roadside statement that he had just dropped off "My bro." In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that a co-defendant's statement that facially incriminates a defendant violates the Confrontation Clause despite cautionary instructions. However, *Bruton* is inapplicable where a co-defendant's statement does not incriminate the defendant either on its face or "when linked with evidence introduced later at trial." *United States v. Gayekpar*, 678 F.3d 629, 637 (8th Cir. 2012) (citing *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)). Thus, "[w]here a defendant's redacted confession does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the confession when considering a verdict for the codefendant." *Gayekpar*, 678 F.3d at 637.

The Court concludes that Blackhawk's roadside statement to the police that he had just dropped of "My bro" does not require severance under *Bruton* because Blackhawk's statement is not facially incriminatory. Blackhawk's statement does not refer to the charged crimes or refer to any wrong-doing. Moreover, although Blackhawk refers to his "bro," Blackhawk has at least six other brothers or half-brothers. At most, Blackhawk's statement tends to inculpate Whitewater only when considered with other evidence received at trial. Therefore, *Bruton* is not applicable. See *Gayekpar*, 678 F.3d at 637. Therefore, the Court finds the defendants may remain joined for trial.

**IT IS ORDERED:** Defendant Whitewater's Motion to Sever Trial and Request for Hearing (Filing No. 31) is denied.

3

**DATED:   August 29, 2016.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**