# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR195 |
| vs. | |
| ANTHONY WHITEWATER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion under 28 U.S.C. § 2255, ECF No. 128. Defendant Anthony Whitewater raises two grounds for relief: Impermissibly Suggestive Photo Line Up (Ground One) and Ineffective Assistance of Counsel for Failing to Challenge 18 U.S.C. § 924(c) Charge as Void for Vagueness (Ground Two).

As a preliminary matter, the Court denied, without prejudice, the Defendant's earlier correspondence, construed as a Motion under 28 U.S.C. § 2255, ECF No. 126, because this Court's docket indicated his petition for writ of certiorari remained pending in the Supreme Court. The Defendant has submitted documentation that his petition for writ of certiorari was denied on April 30, 2018. ECF No. 128, Page ID 713. The Court deems Ground Two in the Defendant's current Motion to be timely filed, because his earlier correspondence, ECF No. 126, raised the same issue and was dated April 25, 2019, and postmarked on April 26, 2019, although not received and filed by the Clerk until May 3, 2019. Ground Two in the Defendant's Motion was not raised in the earlier correspondence and will be denied as untimely.[1]

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b)

states:

> The judge who receives the motion must promptly examine it. If it
> plainly appears from the motion, any attached exhibits, and the record of
> prior proceedings that the moving party is not entitled to relief, the judge
> must dismiss the motion and direct the clerk to notify the moving party. If
> the motion is not dismissed, the judge must order the United States
> attorney to file an answer, motion, or other response within a fixed time, or
> to take other action the judge may order.

## BACKGROUND

Following a jury trial, the Defendant was convicted of Assault with a Dangerous

Weapon in Indian Country, in violation of 18 U.S.C. § 113(a)(3) (Count I), Use of a

Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II),

and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2)

(Count III). He was sentenced on January 23, 2017, to 210 months incarceration on

Counts I and III to be served concurrently, and 120 months on Count II, to be served

---

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of–
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States is
> removed, if the movant was prevented from making a motion by such governmental
> action;
>
> (3)      the date on which the right asserted was initially recognized by the
> Supreme Court, if t
>       hat right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

consecutively, followed by three years of supervised release on Counts I and III and five years of supervised release on Count II, to be served concurrently. He appealed, and his appeal was denied.[2]

The Defendant asserts that his conviction under 18 U.S.C. § 924(c) (Count II: Use of a Firearm During a Crime of Violence) must be vacated because the underlying crime (Count I: Assault with a Dangerous Weapon in Indian Country in violation of 18 U.S.C. § 113(a)(3)) was not crime of violence, and his trial counsel was ineffective for failing to raise a void-for-vagueness challenge to the charge in Count II of the Indictment.

Section 113(a) provides in pertinent part: "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."

Section 924(c)(1)(A) provides, in pertinent part: "[A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

Section 924(c)(3) provides: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—(A) has as an element the use,

_____

[2] The U.S. Court of Appeals for the Eighth Circuit specifically rejected the Defendant's claim that the photo line-up used to identify the Defendant was impermissibly suggestive. *United States v. Whitewater*, 879 F.3d 289, 292 (8th Cir. 2018).

attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Defendant argues that § 924(c)(3)(B), referred to as the "residual clause" of the subsection, is unconstitutionally void for vagueness. He also argues that his "conspiracy offenses cannot quality" as crimes of violence. ECF No. 128, Page ID 711.

Whether § 924(c)(3)(B) is void for vagueness, and whether a conspiracy offense can qualify as a crime of violence, are not material issues in this case. The Defendant's underlying offense—his conviction for assault with a dangerous weapon—is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and qualifies under the "force" clause, § 924(c)(3)(A). The Defendant was not convicted under any conspiracy charge in this case, and his arguments are without merit.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion to Vacate under 28 U.S.C. § 2255, ECF No. 128;

2. The Defendant's Motion to Vacate under 28 U.S.C. § 2255, ECF No. 128, is denied;

3. A separate Judgment will be issued;

4. Pursuant to Rule 11 of the Rules governing Section 2255 Proceedings, the Court denies a certificate of appealability; and

5.  The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 12th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge